UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>                Plaintiff,<br><br>   v.<br><br>UNKNOWN,<br><br>                Defendants. | No. 2:23–cv–1053–KJM–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND |

     Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's affidavit makes the required financial showing, so plaintiff's request is granted.

     However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

     **i.**     **Subject Matter Jurisdiction and Legal Frivolity**

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Federal Rule of Civil Procedure 12(h)(3) (the "Rule(s)"). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

///

   **ii.**  **Federal Notice Pleading and a Complaint's Failure to State a Claim**

Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Each allegation must be simple, concise, and direct. Rule 8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

///

3

**Analysis**

Plaintiff's complaint consists of roughly thirty-seven pages of incoherent text. It begins, "Medal of Honor versus Purple Heart, The president Show Down, 900 Septillion Number, Medal of Honor versus Purple Heart series, Merit case, merit white glove." (ECF No. 1 at 1.) The filing then continues in this vein, alternating between blocks of single spaced text and repetitive phrasing. (Id. at 2-36.) At one point, plaintiff appears to request being awarded a Medal of Honor, and at another point appears to seek an order appointing him President of the U.S. (Id. at 4, 15.) The court cannot discern any plausible facts that support a basis for relief under any legal theory. Accordingly, the undersigned finds the complaint fails to state a claim, fails to provide a short and plain statement of the court's jurisdiction and relief sought, and finds it frivolous on its face. Therefore, this complaint is subject to dismissal under Rule 8, Rule 12(b)(1), and 12(b)(6).

Despite the apparent frivolity of this complaint, the court—reluctantly[2]—finds it appropriate to grant plaintiff leave to amend. At one point in the complaint, plaintiff refers to an incident in a library on May 20, 2023. (See ECF No. 1 at 2.) It is not clear what the scope of plaintiff's allegations are, who this other person is, or what exactly it is plaintiff seeks from this person. However, given that it is not entirely implausible plaintiff could state a claim for some

---

[2] It is highly unlikely that plaintiff will submit an amended complaint that meets federal pleading standards, as this complaint is similar to many others he has filed in this court in the past year. The following cases have all been found to be frivolous and were dismissed.
2:22-cv-00764-KJM-AC (PS) Chiu v. Trump, filed 05/06/22, closed 10/27/22;
2:22-cv-00809-TLN-DB (PS) Chiu v. President of the U.S., filed, 05/13/22, closed 02/08/23;
2:22-cv-01853-DAD-AC (PS) Chiu v. President of U.S. et al., filed 10/17/22, closed 11/08/22;
2:23-cv-00097-DJC-JDP (PS) Chiu v. President of U.S. et al., filed 01/17/23, closed 05/31/23;
2:23-cv-00099-KJM-AC (PS) Chiu v. Extra Space Storage, filed 01/17/23, closed 03/31/23.
The following cases have yet to be fully dismissed, but have pending recommendations that the complaints be dismissed as frivolous without leave to amend.
2:23-cv-00094-DAD-KJN (PS) Chiu v. Saechou, filed 01/17/23;
2:23-cv-00095-KJM-KJN (PS) Chiu v. Saechou et al., filed 01/17/23;
2:23-cv-00096-TLN-CKD (PS) Chiu v. Consumes River College et al., filed 01/17/23;
2:23-cv-00098-KJM-JDP (PS) Chiu v. President of U.S., filed 01/17/23.
Plaintiff is warned that continued abuse of the court's process could result in the entry of a vexatious litigant order against him, which would restrict his ability to file cases in this court. De Long v. Hennessey, 912 F. 2d 1144, 1148 (9th Cir. 1990) (noting that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.").

state law tort under the court's diversity jurisdiction, and given that plaintiff has failed to list a defendant in this action (as opposed to past cases where he lists, for example, the president of the U.S.), plaintiff will be granted leave to amend.  See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected).

## **STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:

i. be captioned "First Amended Complaint";
ii. be limited to 5 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the 5-page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii. set forth his various claims in separate sections and clearly identify which defendants are allegedly at fault for each claim (e.g., Claim I against defendants X, Y, and Z, Claim II against defendants R and S, etc.);
iv. under each section, list the factual allegations supporting that particular claim;
v. include a general background facts section to orient the reader only as necessary;
vi. include his statements for jurisdiction, venue, and relief sought as is necessary;
vii. omit exhibits, documents, photos, or other such "evidence" of his claims;
viii. refrain from alleging redundant, immaterial, impertinent, or scandalous matters; and
ix. address any other pleading deficiencies outlined above.

This amended complaint shall be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file an amended complaint.  If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;

2. Plaintiff is granted 28 days from the date of this order to file either: (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and

3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: June 14, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chiu.1053.